IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| Juan Barron, Individually and On Behalf of § <br> Others Similarly Situated <br>     Plaintiff, | | |
| V. § | | CIVIL ACTION NO. 4:23-cv-1680 |
| G.W. Phillips Concrete Construction, Inc. <br> and George W. Phillips, <br>     Defendant. § | | JURY DEMANDED |

## PLAINTIFF'S FIRST AMENDED COLLECTIVE ACTION COMPLAINT

### Summary of Lawsuit

Defendants George Phillips ("Phillips") and his company G.W. Phillips Concrete Construction, Inc. (the "Company") (jointly "Defendants") have a business plan that includes paying non-exempt hourly employees the same hourly rate for all hours worked, even those hours over 40 per workweek. Defendants also hide payments for hours worked over 40 by paying for those hours in cash, and do not report the cash payments on the employees' yearly information return (i.e., W-2, 1099). Defendants' failure to pay the overtime premium required by law and failure to report a portion of wages as income allow them to gain an unfair advantage over competitors who follow the law in their employment practices. As they did with many other workers, Defendants hired Plaintiff Juan Barron ("Barron" or "Plaintiff") as an hourly employee and did not pay him overtime. In addition, Defendants falsely report wages to the Internal Revenue Service. Mr. Barron, on behalf of himself and all other individuals similarly situated, brings this lawsuit against Defendants to recover unpaid overtime that is required by the Fair Labor Standards Act ("FLSA") and damages under the Internal Revenue Code for reporting false information on Federal tax forms in violation of 26 U.S.C. §7434.

## Facts Supporting Relief

### Allegations Related to Plaintiff's and His Co-Workers' Claims

1. Barron worked for Defendants as a construction worker from 2010 until February of 2023. Barron's duties included, but were not limited to, helping pour and finish concrete and operate related equipment.

2. During the time he worked for the Defendants, Barron regularly worked more than 40 hours per week and Defendants were aware of this fact.

3. Defendants paid Barron on an hourly basis. Defendant did not pay Barron an overtime premium for any of the hours he worked over 40 in a workweek. Instead, Defendants paid Barron the same hourly rate for all the hours he worked ("straight time"). When Defendants paid Barron, they paid him up to 40 hours through their payroll system and paid the rest of his wages in cash at his regular hourly rate. When Defendants issued Barron a W-2, they only included the income he earned through the payroll payments and did not include the wages paid to him in cash.

4. Barron worked with other individuals who were paid by Defendants on an hourly basis to perform construction work. These individuals were similarly situated construction workers who regularly worked over 40 hours per week, and were not paid overtime pay for hours worked over 40 per workweek. Instead, the Defendant also paid these other individuals straight time in cash for all hours that they worked over 40 in a workweek. As with Barron, Defendants did not report all of the payments made to these individuals on their W-2s or 1099s.

5. Phillips is a shareholder, if not the sole shareholder, and acts as a control person of G.W. Phillips Concrete Construction, Inc. Phillips had and did exercise the authority to hire and fire workers. Phillips had the authority and did exercise the authority to determine the

manner in which Barron and similarly situated workers would be paid. Phillips decided that Barron and similarly situated workers would not be paid the statutorily required time-and-a-half for the hours that they worked over 40 each workweek. Phillips decided that instead, Barron and similarly situated workers would be paid the same hourly rate for all hours worked. Finally, Phillips decided to hide the illegal manner of payment by paying cash to Barron and similarly situated workers for hours over 40 for each workweek.

6.     Phillips and the Company were well aware of their obligation to pay overtime to workers for hours worked over 40 each week. Both Phillips and the Company were previously sued for FLSA overtime violations in C.A. No. 4:2017-cv-1767; *Luis Marin v. G.W. Phillips Concrete Construction, Inc. and George W. Phillips, III*; In the United States District Court for the Southern District of Texas, Houston Division.

## Allegations Regarding FLSA Coverage

7.     G.W. Phillips Concrete Construction, Inc. is a Texas corporation that is covered by and subject to the overtime requirements of the FLSA.

8.     During each of the three years prior to this complaint being filed, the Company was an enterprise engaged in interstate commerce, operating on interstate highways, purchasing materials through commerce, transporting materials through commerce and on the interstate highways, and conducting transactions through commerce, including the use of credit cards, phones and/or cell phones, electronic mail and the Internet.

9.     During each of the three years prior to this complaint being filed, the Company regularly owned and operated businesses engaged in commerce or in the production of goods for commerce as defined by §3(r) and 3(s) of the Act, 29 U.S.C. §203(r) and 203(s).

10.    During each of the three years prior to this complaint being filed, the Company

conducted sufficient business to exceed an annual gross volume of sales of at least $500,000 (exclusive of excise taxes) based upon the volume of business.

11. During each of the three years prior to this complaint being filed, the Company's employees used or handled goods, tools, equipment, or materials that traveled in interstate commerce; that is, goods, tools, equipment, or materials that were grown, made or manufactured outside the state of Texas.

### Plaintiff's Claims

12. Defendants were legally required to pay Barron and similarly situated hourly construction workers ("Similarly Situated Workers") overtime pay for all hours that these individuals worked for Defendants in excess of 40 in any workweek.

13. Barron worked over 40 hours in most workweeks that he worked for Defendants.

14. Similarly Situated Workers worked over 40 hours in many workweeks that they worked for Defendants.

15. Defendants did not pay Barron time-and-a-half for any of the overtime hours that he worked for the Company. Defendants' underpayment of Barron, often referred to as "wage theft," allowed Defendants to gain an unfair advantage in the marketplace as compared to other construction companies that pay their employees all compensation required by law.

16. Phillips exercised control over all aspects of Barron's and his co-workers' employment. He determined that they would not be paid overtime pay and also determined that the Company would hide the extra payments by paying in cash. Phillips is an "employer" of Barron and his co-workers as that term is defined under the FLSA and is thus individually liable for the unpaid overtime, liquidated damages, and attorneys' fees sought in this case.

17. The Defendants demonstrated that they knew that their pattern or practice

regarding overtime compensation with respect to Barron and Similarly Situated Workers was illegal by paying them "under the table" in cash instead of on their regular paycheck. Such practice was and continues to occur with regard to the Similarly Situated Workers, a clear violation of the FLSA.

18. The United States Internal Revenue Service requires businesses to accurately report information on tax documents submitted it. In this case, the Company knew that the information returns (W-2s) sent to Barron and the Similarly Situated Workers each year were false. Specifically, Barron and Similarly Situated Workers worked more than 40 hours per week in multiple workweeks and were paid in cash. The Company intentionally did not include the cash payments on the W-2s and/or 1099s it sent to Barron or the Similarly Situated Workers, even though it had full knowledge of its own payment to these individuals.

## Causes of Action

### I. Violation of the FLSA – Failure to Pay Overtime Wages Owed

19. Defendants violated the FLSA by failing to pay Barron overtime pay for hours worked over 40 per workweek.

20. Barron has suffered damages as a direct result of Defendants' illegal actions.

21. Defendants are liable to Barron for unpaid overtime compensation, liquidated damages, attorney's fees and costs of court under the FLSA.

22. Defendants were previously sued for overtime violations. Defendants were thus fully aware of their obligations to pay overtime yet continued to knowingly violate the FLSA's requirements and tried to hide their illegal conduct through the cash payment of wages. This means that Mr. Barron's claims and the claims of the Similarly Situated Workers as described below should be subject to a three-year statute of limitations rather than two.

## Collective Action Allegations

23. The Defendants' failure to pay their employees as required by the FLSA resulted from a generally applicable policy that does not depend on the personal circumstances of the Similarly Situated Workers; that is, paying construction workers on an hourly basis and not paying them overtime. This generally applicable policy is prohibited by the FLSA. Barron's experience is typical of the experiences of the Similarly Situated Workers.

24. The Similarly Situated Workers to whom notice should be sent are properly defined as:

> **All individuals working for Defendant G.W. Phillips Concrete Construction, Inc. as construction workers (no matter their specific title) who are/were employed/engaged by Defendant G.W. Phillips Concrete Construction, Inc. and who were paid on an hourly basis during the three-year period preceding the filing of this Complaint.**

25. The Court should order the Defendants to provide contact information for all Similarly Situated Workers to Plaintiff's counsel and allow them to send notice to all Similarly Situated Workers so that those individuals have an opportunity to proceed collectively in this matter as allowed by the FLSA.

## II. Willful Violation of 26 U.S.C. § 7434

26. The Company was responsible for submitting accurate information on its returns for Barron and his co-workers to the IRS.

27. The Company willfully and knowingly filed false and fraudulent information forms such as W-2s or 1099s that underreported Barron's earned wages.

28. Barron sues for redress under 26 U.S.C. § 7434.

29. Barron, pursuant to 26 U.S.C. § 7434(b) requests that: (a) he be awarded $5,000 in statutory damages; (b) he be awarded his attorney's fees and costs; and (c) The Company be

enjoined from continuing to issue false W-2s or 1099s that underreport income.

## Class Action Allegations

30. Barron seeks class action status for similarly situated employees who:

    A) worked for the Company at any time during the 6 years before the filing of this lawsuit;

    B) received inaccurate W-2s and/or 1099s; and

    C) were subject to intentional and knowing false wage statements by the Company through filings of fraudulent W-2s and/or 1099s.

31. The class is so numerous that joinder of all members is impracticable because the number of workers exceeds 50.

32. The class is geographically diverse across Texas or the United States such that it makes joinder impracticable.

33. Class action is a superior method because these workers are numerous, unknown but easily identifiable through the Company's records.

34. Questions of law or fact common to the class, including the core claim that each employee was fraudulently reported to the IRS as having earned less wages than they actually earned because the Company excluded cash payments from the information return.

35. These core common facts are operative facts for determining claims and defenses, and predominate over any inconsequential differences in pay rates, location, and/or job titles are details that do not change the claims or defenses.

36. Claims and defenses of the representative parties are typical of the claims or defenses of the class because the Company subjected all employees to the same illegal pay policies and, upon information and belief, continues to do so through the present date.

37. Representative Plaintiff Barron will fairly and adequately protect the interests of

the class because Barron is similarly situated to the class and has identical claims and burdens of proof as the class.

38. Barron's litigation will further class interests.

39. A class action furthers judicial economy because Barron's claims and class claims require the same proof and elicit the same defenses.

40. A class action reduces the risk of an unjust result to nearly identical claims due to the vagaries of litigation.

41. A class action permits a unified discovery and reduces burdensome duplicate discovery and discovery disputes.

42. The class action applies to Count II of Plaintiff's Complaint, and incorporates all remedies sought under Count II and any other remedy the Court deems just.

## **Defendant, Jurisdiction, and Venue**

43. Defendant G.W. Phillips Concrete Construction, Inc. is a Texas corporation and an "employer" of Barron as defined by the FLSA. Defendant may be served through its registered agent, George W. Phillips at 117 Oates Rd., Houston, Texas 77013, or wherever he may be found.

44. Defendant George W. Phillips may be served with process at 117 Oates Rd., Houston, Texas 77013, or wherever he may be found.

45. This Court has federal question jurisdiction under the FLSA and the IRS Code, and venue is proper pursuant to 28 U.S.C. § 1391(b), as Defendants and Barron transacted business within this judicial district, and the events underlying this complaint occurred within this judicial district as well.

**Demand for Jury**

46. Barron demands a trial by jury.

**Prayer for Relief**

WHEREFORE, Plaintiff Barron, all employees similarly situated who join in this action, and all class members demand:

1. Issuance of notice as soon as possible to all persons performing Construction work who are/were employed by and paid on an hourly basis by Defendant G.W. Phillips Concrete Construction, Inc. during the three-year period immediately preceding the filing of this Complaint. Generally, this notice should inform them that this action has been filed, describe the nature of the action, and explain their right to opt into this lawsuit to proceed collectively if they were not paid correctly for work performed or hours worked during any portion of the statutory period;
2. Judgment against Defendant for an amount equal to Barron's and the Similarly Situated Workers' unpaid overtime wages at the applicable rate;
3. An equal amount to the overtime wage damages as liquidated damages;
4. Judgment against Defendant that its violations of the FLSA were willful;
5. To the extent that liquidated damages are not awarded, an award of prejudgment interest;
6. Certification of a class of workers who received a fraudulent information return from Defendant G.W. Phillips Concrete Construction, Inc. within the last 6 years;
7. Judgment against the Company for the actual damages incurred by the class members or alternatively the minimum statutory damages of $5,000 for each false information return sent;
8. All costs and attorney's fees incurred prosecuting these claims;
9. Leave to add additional Plaintiffs by motion, the filing of written consent forms, or any other method approved by the Court;
10. Leave to amend to add claims under applicable state laws; and
11. For such further relief as the Court deems just and equitable.

    Respectfully Submitted,

    **THE BUENKER LAW FIRM**

    */s/ Josef F. Buenker*
    Josef F. Buenker
    TBA No. 03316860
    jbuenker@buenkerlaw.com
    P.O. Box 10099
    Houston, Texas 77206
    713-868-3388 Telephone
    713-683-9940 Facsimile

**ATTORNEY-IN-CHARGE FOR
PLAINTIFF JUAN BARRON**

## **CERTIFICATE OF SERVICE**

I hereby certify that on May 5, 2023, I electronically filed a copy of the foregoing Certificate of Interested Parties and served it by electronic transmission through the Court's CM/ECF system, and will have it served on the Defendants in lieu of the original complaint.

*/s/ Josef F. Buenker*
Josef F. Buenker